UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JUNIOR MELENDEZ | ) Criminal Action No. 19-cr-40025-TSH |
| ANGEL CORDOVA | ) |
| CARLOS RICHARDS | ) |
| JUAN RODRIQUEZ | ) |
| KEVIN JEAN | ) |
| | ) |
| | ) |
| Defendants | ) |

**FINDING AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY UNLAWFUL INTERCEPTION OF WIRE COMMUNICATIONS AND MOTION FOR A *FRANKS* HEARING (Document #184)**

**March 19, 2021**

## Introduction

The Defendants have moved to suppress from the introduction into evidence against them at trial any-and-all evidence obtained from a search warrant authorizing interception of wire communications from cellular telephone number 774-535-1317 ("TT-1").[1] The warrant to obtain that wiretap was the subject of Motions to Suppress in a companion case (Docket No. 19-40024). On October 5, 2020 I issued Findings and Order in that companion case (# 192). Those Findings and Order denying the motion to suppress are adopted and incorporated by reference in this decision.

---

[1] The Defendant Melendez has moved to suppress, and all other co-Defendants have joined in his motion, except for Carlos Richards who is at large.

In addition to arguments that Mr. Melendez made in prosecuting his Motion to Suppress in Docket No. 19-40024, he has moved for a *Franks* hearing in this case alleging that the affiant, ATF Special Agent Anthony Ventetuolo, made material mis-statements in the affidavit regarding Melendez' gang membership, statements by CS-2, statements regarding pole camera video footage of 26 Malvern Road, phone location information, and evidence on the telephone regarding drug activity.  For the reasons set forth in the previous Memorandum and Decision and these Findings and Order, the Defendants' motion to suppress is **denied** and the Defendant Melendez' request a *Franks* hearing is **denied**.

## Discussion

*Franks v. Delaware,* 438 U.S. 154, 155 (1978) allows a Defendant to request an evidentiary hearing to challenge the truthfulness of statements made by law enforcements agents in a search warrant affidavit.  While affidavits in support of a search warrant are presumptively valid, before the court can entertain a *Franks* hearing a Defendant "(1) must show that the affiant in fact made a false statement knowingly or intentionally, or with reckless disregard for the truth, (2) make this showing by a preponderance of the evidence, and (3) show in addition that with the affidavit's false material set to one side, the affidavits' remaining content is insufficient to establish probable cause," *Id @* 156.  "Mere inaccuracy, even negligent ones, are not enough to warrant a Franks hearing," *United States v. Santana,* 342 F.3d 60, 66 (1st Cir. 2003).  Further, if any false statements or omissions are material, the relevant inquiry is "even with false facts stripped away, inaccurate facts corrected, and omitted facts included, the affidavit remains sufficient to establish probable cause."  *United States v. Barbosa*, 896 F.3d 60, 69 (1st Cir. 1968).

*Melendez' gang membership*

Melendez' argues that Agent Ventetuolo statement in the affidavit that Melendez is a gang member and leader of the local Vice Lords chapter is conclusory. He also points to footnote No. 2 in the affidavit which references Worcester Police and the Worcester County Sheriff's Department using a national recognized point-based system to identify gang membership, which Melendez claims is inaccurate and misleading. Melendez also references a statement purportedly made to him by Sergeant Roche of the Worcester Police Gang Unit that, "I never caught you with a gun, I never seen you with a gun." This statement Melendez argues should have been included in the affidavit and is evidence of the affiant's knowing disregard of relevant information. This statement was allegedly made on June 4, 2019, which was three months after the affidavit in this case, hence its inclusion in the affidavit was not possible.

Melendez was identified by CS-1 as a local leader of the Vice Lords having direct connections to national Vice Lords leadership, that he frequently traveled to national Vice Lords meetings, that he provided direction to Vice Lords members in Boston, Worcester, and Springfield, and that he had to approve any major criminal activity. CS-2 likewise identified Melendez as the leader of the Massachusetts Vice Lords chapter. I do not find that Agent Ventetuolo's representations were untruthful or knowingly false, or made with reckless disregard for their truth.

*Alleged inconsistent statement by CS-2*

Mr. Melendez submitted an affidavit from a private investigator who spoke with an individual whom the Defendant believed to be CS-2. CS-2 is prominently referred to in Agent Ventetuolo's affidavit. This person informed the investigator that contrary to statements attributed to CS-2 in

3

the affidavit, that he/she had never seen Melendez in possession of a firearm or controlled substances.

First, it is reasonable to assume that *if* the investigator did speak to CS-2, that that person would be more than a little reluctant to verify statements establishing him/her as an informant. Additionally, the Ventetuolo affidavit credits CS-2 with stating that she/he was at Melendez' residence on one occasion when Melendez converted powder cocaine into crack cocaine before giving it to Rodriquez (affidavit ¶ 32). CS-2 also stated "she/he had seen Melendez carrying a 9 mm firearm with a black frame and chrome top" (affidavit paragraph 33).  I do not find that this additional information from the investigator rises to the level needed for a Franks Hearing.

*Pole camera video of 26 Malvern Road*

In the affidavit Agent Ventetuolo included representations that on March 5, 2019 at 11:22 a.m. GPS location information showed Melendez' phone in the area of 26 Malvern Road, Worcester which was Melendez' then residence (Affidavit ¶ 31).  Agent Ventetuolo further stated in the affidavit that he reviewed pole camera video in that area and observed a male who resembled Melendez at 26 Malvern Road enter a black Mercedes sedan at 11:22 a.m. and leave the area. The affidavit adds that GPS information for TT-1 at 11:38 a.m. confirmed that the phone was no longer in the area, and GPS information for TT-1 at 1:01 p.m. indicated that the phone was back in the 26 Malvern Road zone.  Agent Ventetuolo again reviewed pole camera video and observed the black Mercedes return to the area and a male resembling Melendez exit the car and enter 26 Malvern Road at approximately 12:52 p.m., thus corroborating GPS information with the pole camera information.

Melendez claims that the March 5, 2019 video from the pole camera does not depict that information.  He relies upon a video analyst who reviewed the video. The video provided to the

Defendant in discovery did not have date and time stamping and the analyst, using his own calculations, concluded that the events actually took place approximately 15 minutes later than what was represented in the affidavit. Furthermore, by the analyst's timeline the portion of the video that he observed ended at 12:39 p.m., not at 12:52 p.m. as reported by Agent Ventetuolo. Instead of requesting that portion of the March 5 video showing Melendez returning to 26 Malvern Road at 12:52 p.m. the Defendant accuses the Agent of making an intentionally false statement.  Simply stated, disagreement about the time stamping on the video does not rise to a level that warrants a Franks Hearing.

*Phone location information*

Melendez also argues that affidavit's attempt to corroborate surveillance of the Defendants on October 24th and 28th by the Worcester Police through the use of GPS data are inaccurate.  He submits an affidavit from an analyst which purportedly shows that the GPS coordinates do not show the specific location of the target.  The analyst created a series of maps which show that on October 24th and October 28th the specific location of (TT-1) was unable to be ascertained with reliability (affidavit of Daniel Faria, Document #185-2)  "[T]he accuracy ranges were too large to be able to allow an analyst to determine a specific address or location."  What is not mentioned in the Defendant's motion is that the affidavit sets forth that police surveillance on October 24, 2019 had Melendez and co-Defendant Juan Rodriguez parked in front of 105 Hamilton Street, thus confirming the GPS within the margin of error (1,992 meters).

Likewise, on October 28, 2019 a Worcester detective observed Melendez in a rental car parked in front of 105 Hamilton Street.  The affidavit provided that the GPS data was consistent with that data, except that it was 900 meters outside of the margin of error.  While the fact that

the GPS on October 28th was outside of the margin of error should have been included in the affidavit, that omission does not rise to the level of culpability needed to hold a Franks Hearing.

## Conclusion

   I do not find that Agemt Ventetuolo knowingly made false statements or made statements with reckless disregard for their truth. For the reasons stated above the Defendant's Motion to Suppress and for a *Franks* Hearing is denied.

                                                         /s/Timothy S. Hillman
                                                         Timothy S. Hillman
                                                         District Judge