UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JUNIOR MELENDEZ )<br>ANGEL CORDOVA )<br>CARLOS RICHARDS )<br>JUAN RODRIQUEZ )<br>KEVIN JEAN )<br>)<br>Defendants ) | Criminal Action No. 19-cr-40025-TSH |

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS WARRANT FOR SEARCH OF CELL PHONE AND MOTION FOR FRANKS HEARING (Document # 189)**

March 24, 2021

The Defendant Junior Melendez moves to suppress the fruits of a search of his cellular telephone that was conducted via a search warrant. That motion also seeks a hearing under *Franks v. Delaware,* 438 U.S. 154, 155 (1978).

In this case Mr. Melendez and five others are charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. He and three different co-Defendants are also charged in a companion case (19-40024) with conspiracy to interfere with interstate commerce by robbery for their role in a planned, but unexecuted home invasion.

The evidence in both cases is derived from warrants that are common to both investigations and the warrant at issue in this case is one such warrant. I previously denied a motion to suppress the fruits of this search warrant filed by Mr. Melendez in case 19-40024 (Document # 193) and I incorporate that decision by reference here.

With respect to Mr. Melendez' request for a *Franks* hearing, in order to obtain an evidentiary hearing to challenge statements made by Agent Ventetuolo in the search warrant affidavit, he is required to establish (1) "that the affiant in fact made false statements knowingly or intentionally, or with reckless disregard for the truth, (2) make that showing by a preponderance of the evidence, and (3) show in addition that with the affidavit's false material to one-side, the affidavit's remaining content is insufficient to establish probable cause." *Frank v. Delaware,* 438 U.S. 154, 156 (1978). "Mere inaccuracy, even negligent ones are not enough to warrant a *Franks* Hearing." *United States v. Santana,* 342 F.3d 60, 66 (1st Cir. 2003). Further, if any false statements or omissions are material, the relevant inquiry is "even with false facts stripped away, inaccurate facts corrected, and omitted facts included, the affidavit remains sufficient to accept probable cause." *United States v. Barbosa*, 896, F.3d 60, 69 (1st Cir. 1968).

Melendez argues that Agent Ventetuolo relied too heavily on Worcester Police Department intelligence in seeking to establish Melendez' credentials as a leader of the Almighty Vice Lords. He also argues that Sergeant Roche of the Worcester Police Gang Unit allegedly stated to Melendez on June 5, 2019 that "I never caught you with a gun, I never seen you with a gun." The Defendant argues that "[D]ue to the heavy reliance on the Worcester Police in regard to this investigation, the aforesaid information would have been known by the affiant and [should have been] included in the affidavit."

If the affiant did rely too heavily upon Worcester Police intelligence, that reliance does not come close to the level needed to trigger a *Franks* hearing. Melendez was identified by CS-1 and CS-2 as a local leader of the Vice Lords having direct connections to National Vice Lords leadership. He frequently traveled to National Vice Lord meetings, provided direction to Vice Lord members in Boston, Worcester, and Springfield, and that he had to approve any major

criminal activity. These allegations serve to establish Melendez' gang status and do not implicate *Franks* issues. Further Sergeant Roche's comments about never seeing the Defendant with a gun were allegedly made in June 4, 2019, six months *after* the search warrant for the phone was issued.

Mr. Melendez also submitted an affidavit from a private investigator who spoke with an individual whom the Defendant believes to be CS-2. That person informed the investigator that contrary to statements attributed to CS-2 in the affidavit, that he/she had never seen Melendez in possession of a firearm or controlled substances.

It is reasonable to assume that *if* the investigator did speak with CS-2 that that person would be more than a little reluctant to verify statements establishing him/her as an informant. Additionally, the Ventetuolo affidavit credits CS-2 with stating that he/she was Melendez' residence on one occasion when Melendez converted powder cocaine into crack cocaine before giving it to co-Defendant Rodriguez. CS-2 also stated that he/she had seen Melendez carrying a 9mm firearm with black frame and chrome top. I do not find that this additional information from the investigator rises to the level needed for a Franks Hearing.

The Defendant has been unable to reach the high bar set for conducting an evidentiary hearing under *Franks*. He has not shown that the affiant made any false statements knowingly or that any statement was made with reckless disregard for their truth. Accordingly, the Defendant's motion to suppress and for a *Franks* hearing is **denied**.

/s/Timothy S. Hillman
Timothy S. Hillman
District Judge