United States District Court
District of Massachusetts

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 19-cr-40025-TSH |
| **JUNIOR MELENDEZ** | ) |
| | ) |
| | ) |
| **Defendant** | ) |

_____

**FINDINGS AND ORDER ON DEFENANT JUNIOR MELENDEZ' MOTION TO SUPPRESS WARRANT GPS TRACKING JAGUAR (Document # 197)**

**April 23, 2021**

Introduction

    The defendant Junior Melendez moves to suppress from the introduction into evidence against him at trial the results of a court authorized GPS device installed on a Jaguar SUV that he used in April and May of 2019. He assigns as reasons for the suppression that the affidavit in support of the search warrant failed to establish probable cause that he was engaged in criminal activity and that the tracking of the Jaguar would provide evidence of that criminal activity. For the reasons set forth below, that motion is denied.

**Background**

In July of 2018, Worcester police and the ATF began investigating the defendant Junior Melendez and his associates for drug and firearm offenses. Mr. Melendez was known to the police after having been convicted of similar offenses in 2006, and for which he served a lengthy (109 month) sentence. Mr. Melendez was identified by the police as the leader of the Massachusetts chapter of the Almighty Vice Lords, a violent street gang. In March of 2019, the government obtained authorization to intercept wire and electronic communications from Mr Melendez' cell phone. On April 12, 2019 the police obtained a warrant for the location information for that phone. On April 22, 2019, based upon the wiretap and phone location information, ATF Special Agent Anthony Ventetuolo applied for and received the warrant at issue in this motion, authorizing GPS tracking on a Jaguar SUV that Mr. Melendez was using.[1]

On April 15th, 2019 agents intercepted telephone calls between Melendez and Lawrence Rutherford in which Rutherford requested two ounces of cocaine from Melendez, and Melendez arranged for Rutherford to pick up the cocaine at an associate's residence at 10 Pattison Street in Worcester. On April 19th, 2019 agents intercepted calls between Melendez and David Nevins during which the men discussed the purchase of cocaine and coordinated a meeting at 10 Pattison Street for the transfer. Agents observed the Jaguar at the location when Nevins arrived for the transaction.

The affidavit authored by agent Ventetuolo in support of his application for the wiretap was incorporated by reference into the affidavit for the Jaguar GPS warrant. That affidavit detailed a lengthy series of incidents in which Melendez and his associates used their vehicles to

---

[1] Prior to April 16, 2019 Melendez used a Mercedes C300 automobile. Melendez acquired the Jaguar SUV after the Mercedes was involved in a single car accident on April 16th. He used the Jaguar until May 29, 2019.

engage in drug activity. That affidavit also served to point out the highly mobile nature of the Melendez drug trafficking organization and their ubiquitous use of automobiles to facilitate distribution. A good example is Melendez' use of his Mercedes on April 3rd 2019 to provide cocaine to Antoine Mack at 69 Cutler St in Worcester for Mack to deliver to Manchester New Hampshire.

## Discussion

The Ventetuolo affidavits clearly establish that Mr. Melendez was actively engaged in distributing controlled substances and using his vehicles to facilitate that distribution. An application for a search warrant must establish a probable cause to believe; (1) a crime has been committed, (the "commission" element), and (2) enumerated evidence of the offense will be found at the place to be searched. The so-called "nexus" element. The *United States v. Vayas-Diaz* 95 F.3d 105, 111 (1st Cir. 1996). With regard to the nexus element, the task of a magistrate judge in determining whether probable cause exists is "to make a practical, common-sense decision whether, given all circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Feliz* 182, F.3d 82, 86 (1st Cir. 1999). Quoting from *Illinois v. Gates* 462 U.S. 213. 238 (1983). Here, there are specific instances in April of 2019 which provide ample probable cause for the issuing magistrate to conclude that Mr. Melendez was using the Jaguar to distribute cocaine. Furthermore, there are numerous examples of Mr. Melendez use of his Mercedes prior to his use of the Jaguar to distribute cocaine. It was reasonable and inevititable for the issuing Magistrate to conclude that Melendez relied heavily upon his vehicles to accomplish his drug distribution goals and that tracking those vehicles would provide valuable information about the Melendez drug trafficking organization.

The Government also argues that the good faith exception should apply here. *United States v. Leon,* 468 U.S. 897 (1984). The good faith exception provides that even if a search warrant is flawed, the evidence should not be suppressed where "the police act with an objectively reasonable good faith belief that their conduct is lawful." *Davis v. U.S.* 131 Sup. Ct. 2419, 2422 (2011). The good faith exception would not apply if the affiant misled the magistrate, or demonstrated a reckless disregard for the truth, or the magistrate wholly abandoned his judicial duty, or probable cause is so lacking that belief that probable cause did exist is "entirely unreasonable," *Leon Supra* at 923. I find that none of those four conditions exist; namely there is no misleading information in the affidavit and that the good faith exception applies.

## Conclusion

For the reasons set forth above, the Defendant's Motion to Suppress is **denied.**

/s/Timothy S. Hillman
Timothy S. Hillman
District Judge