**United States District Court**
**District of Massachusetts**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **Criminal Action No. 19-cr-40025-TSH** |
| **JUNIOR MELENDEZ** | ) |
| | ) |
| | ) |
| **Defendant** | ) |

_____

**FINDINGS AND ORDER ON DEFENANT JUNIOR MELENDEZ' MOTION TO SUPPRESS**
**WARRANT GPS TRACKING MERCEDES (Document # 200)**

**April 23, 2021**

**<u>Introduction</u>**

The defendant Junior Melendez moves to suppress from the introduction into evidence against him at trial the results of a court authorized GPS device installed on a Mercedes Benz automobile that he began using in May of 2019.  He assigns as reasons for the suppression that the affidavit in support of the search warrant failed to establish probable cause that he was engaged in criminal activity and that the tracking of the Mercedes would provide evidence of that criminal activity.  For the reasons set forth below, that motion is denied.

**Background**

In July of 2018, Worcester police and the ATF began investigating the defendant Junior Melendez and his associates for drug and firearm offenses.   Mr Melendez was known to the police after having been convicted of similar offenses in 2006, and for which he served a lengthy (109 month) sentence.   Mr. Melendez was identified by the police as the leader of the Massachusetts chapter of the Almighty Vice Lords, a violent street gang.   In March of 2019 the government obtained authorization to intercept wire and electronic communications from  Mr Melendez' cell phone.   On April 12, 2019 the police obtained a warrant for the location information for that phone. On April 22, 2019, based upon the information received from the wiretap and the phone location warrants, ATF Special Agent  Anthony Ventetuolo applied for and received a warrant authorizing GPS tracking  on a Jaguar SUV that Mr. Melendez was using. On May 31, 2019 Agent Ventetuolo applied for and received a search warrant authorizing  GPS tracking on a black Mercedes C300 which is the subject of this motion to suppress. [1]

 That warrant application by agent Ventetuolo also incorporates a search warrant affidavit for cell phone location information for Mr. Melendez' cell phone. Those affidavits clearly establish that Mr. Melendez continuously utilized the above motor vehicles in furtherance of the drug distribution conspiracy.   Until April 15th of 2019, Mr. Melendez utilized the Black Mercedes C300 sedan.  From April 17th until May 29th of 2019 he utilized a black Jaguar SUV, and after May 29th, 2019 he used the gray Mercedes C300 target automobile.

---

[1] Prior to April 16, 2019 Melendez used a Mercedes C300 automobile.   Melendez acquired the Jaguar SUV as a rental after that Mercedes was involved in a single car accident on April 16th. He obtained the subject Mercedes on May 29th from Extreme Auto Repair in Worcester.  It is unclear from the pleadings and affidavits whether the Mercedes automobile which is the subject of this motion is the same vehicle that was involved in the accident on April 16, 2019. I will note parenthetically that the earlier Mercedes C300 was described as black and the subject Mercedes C300 as gray.

The affidavits are replete with instances of Mr. Melendez using his automobile to facilitate the distribution of narcotics.   On April 3rd, 2019 Melendez and co-defendant Antoine Mack first met at Melendez' is residence at 26 Malvern Rd in Worcester and later at one of the conspiracy's drug distribution houses at 69 Cutler St in Worcester to conduct a drug sale. Melendez' Mercedes C300 was parked in the driveway of 69 Cutler Street and thereafter Melendez,  Mack,  and co-defendant Richards conducted what the authorities believed to be a drug sale.

On April 15th,  2019 agents intercepted  telephone calls between Melendez and Lawrence Rutherford in which Rutherford requested  two ounces of cocaine from Melendez, and Melendez arranged for Rutherford to pick up the cocaine at an associate's residence at 10 Pattison Street in Worcester.  On April 19th, 2019 agents intercepted calls between Melendez and David Nevins during which the men discussed the purchase of cocaine and coordinated a meeting at 10 Pattison Street for the transfer.   Agents observed the Jaguar at the location when Nevins arrived for the transaction.

On  May 16th 2019, Melendez an co-defendant Angel Cordova conducted a drug sale at 26 Malvern Rd in Worcester and Melendez' Jaguar SUV was present at that address.  On May 25th 2019, Cordova and Melendez conducted a drug sale at a trailer park at 151 Hartford Turnpike in Shrewsbury which was believed to be Melendez' home.  Melendez' Jaguar SUV was parked outside of the trailer and pole cameras observed Melendez exit the trailer park in the Jaguar,  return approximately 40 minutes later,  and enter the trailer with co-defendant Richards. Thereafter, Richards left carrying a white bag. Richards was stopped by state police troopers and over 200 grams of powder cocaine and 115 grams of crack cocaine was seized .

### Discussion

The Ventetuolo affidavits clearly establish  that Mr Melendez was actively engaged in distributing controlled substances and using his vehicles to facilitate that distribution.  An application for a search warrant must establish a probable cause to believe; (1) a crime has been committed, (the "commission" element), and (2) enumerated evidence of the offense will be found at the place to be searched.  The so-called "nexus" element.  The *United States v. Vayas-Diaz* 95 F.3d 105, 111 (1st Cir. 1996).  With regard to the nexus element, the task of a magistrate judge in determining whether probable cause exists is "to make a practical, common-sense decision whether, given all circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Feliz* 182, F.3d 82, 86 (1st Cir. 1999).  Quoting from *Illinois v. Gates* 462 U.S. 213. 238 (1983).  Here, there are numerous specific instances in April and May of 2019 which provide ample probable cause for the issuing magistrate to conclude that Mr. Melendez was using the Mercedes to facilitate the distribution of cocaine and that the requested GPS information would provide verification of Melendez' physical locations during the drug transactions.

The Government also argues that the good faith exception should apply here.  *United States v. Leon,* 468 U.S. 897 (1984).  The good faith exception provides that even if a search warrant is flawed, the evidence should not be suppressed where "the police act with an objectively reasonable good faith belief that their conduct is lawful."  *Davis v. U.S.* 131 Sup. Ct. 2419, 2422 (2011).  The good faith exception would not apply if the affiant misled the magistrate, or demonstrated a reckless disregard for the truth, or the magistrate wholly abandoned his judicial duty, or probable cause is so lacking that belief that probable cause did exist is "entirely

unreasonable," *Leon Supra* at 923.  I find that none of those four conditions exist; namely there is no misleading information in the affidavit and that the good faith exception applies.

## <u>Conclusion</u>

For the reasons set forth above, the Defendant's Motion to Suppress is **denied.**

<u>/s/Timothy S. Hillman</u>
Timothy S. Hillman
District Judge