UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>vs.                                    )   Criminal No. 19-CR-40025-TSH<br> )<br>JUNIOR MELENDEZ,                 )<br>           DEFENDANT        )<br> ) | |

**DEFENDANT JUNIOR MELENDEZ'S MOTION TO DISMISS SO MUCH OF THE INDICTMENT AS IT RELATES TO 851**

Now comes the defendant, Junior Melendez and moves this Honorable Court to dismiss so much of the indictment that alleges "before defendant committed the offense charged in this Count, the defendant was convicted of a violation of Title 21, United States Code, Section 841(a)(l) (District of Massachusetts Docket No. 99-cr-40016), a serious drug felony, for which he served more than 12 months of imprisonment, and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense."

Although this argument will be moot if the defendant is not convicted of the underlying offense, the defendant submits that a resolution of the instant indictment would be reached but for the enhancement of the indictment.

CONVICTION BASIS OF ENHANCEMENT

On December 21, 2000 Mr. Melendez was convicted and sentenced on two counts of possession with intent to distribute crack cocaine. The charges consisted of two weights of crack cocaine, to wit: 19.2 grams that are attributed to when Melendez was a juvenile, 16 years of age, and 3.3 grams that were found as a result of a search of his home after he was

indicted in federal court as an adult[1].

The defendant challenges that portion of the indictment. See *Alleyne v. United States*, 570 US 99 (2013).

ARGUMENT ONE

Mr. Melendez is now charged with Conspiracy to Distribute and to Possess with Intent to Distribute 500 grams or more of cocaine pursuant to 21 U.S.C. §846.

Because his instant charge, conspiracy to distribute cocaine powder in violation of 21 U.S.C. § 846, an inchoate offense, is not a controlled substance offense, as that term is defined in U.S.S.G. § 4B1.2 or the statute that triggered the creation of that Guideline, 28 U.S.C. § 994(h).

The defendant submits the arguments advanced in *Lewis v. United States*, 963 F.4d 16 (2020), although not prevailing, deserve consideration.

Notable is the argument as follows:

The distinction the definition for what a "controlled substance offense" is, providing an enumerated list of completed offenses involving controlled substances that does not include inchoate offenses like conspiracy. Application Note 1 to U.S.S.G. § 4B1.2 improperly enlarges the definition of "controlled substance offense" by adding inchoate offenses, including conspiracy, to the enumerated substantive offenses provided in the text of the Guideline. The defendant submits the commentary is inconsistent with both the text of the Guideline and the statute on which it's based. Given that conspiracies are not the same as substantive offenses, the commentary at issue here inappropriately enlarges the definition of a "controlled substance offense" without the United States Sentencing Commission ("Commission") first seeking approval of Congress or going through the notice-and-comment process required for rule-making.

Although this matter did not prevail in the First Circuit, the issue as to conspiracy as the predicate offense has been challenged in other districts. The Sixth and D.C. Circuits have recently agreed that Application Note 1 conflicts with the text of U.S.S.G. § 4B1.2(b) by including crimes that the Guideline text excludes. See *United States v. Havis*, 927 F.3d 382, 385-

---

[1] If the enhancement were to proceed, the defendant would submit a Constitution violation based on the search and seizure of the 3.3 grams of crack cocaine.

87 (6th Cir. 2019) (en banc) (per curiam); *United States v. Winstead*, 890 F.3d 1082, 1090-92 (D.C. Cir. 2018); see also *United States v. Crum*, 934 F.3d 963, 966 (9th Cir. 2019) (per curiam) ("If we were free to do so, we would follow the Sixth and D.C. Circuits' lead.").

So too in the case at bar, the definition should be applied herein. Melendez is charged with conspiracy and not a controlled substance as defined by the statute. The expansion by commentary is not sufficient to apply the case at bar to that of a sentencing enhancement.

ARGUMENT TWO

The defendant submits that the prior conviction of Melendez should not be used as basis of the enhancement under 21 U.S.C 851.

Two issues are relevant. One is the age of Melendez, i.e. 16 years old, when the largest amount of drugs were attributable to him. The second issue concerns Congress' willingness to change the discrepancy in sentencing between crack and powder cocaine. If Melendez were sentenced to 3.3 grams as if powder cocaine, the only drugs involved as an adult, the defendant submits, his sentence would not be over twelve months.

The history of the treatment of juveniles is relevant to the case at bar. In 1994 Congress enacted the federal prosecution of juveniles in certain crimes. A study found that as a result, in the federal system a juvenile received harsher sentences than those in state court. The treatment of Melendez as an adult in the federal system resulted in a harsher sentence.

Coupled with the age of Melendez merely 16 years old, is the September 2021 passing by the House of a bill to end the disparity in sentencing between crack cocaine and powder cocaine. If the Court were to look at the 3.3 grams that are attributed to Melendez as an adult, the defendant submits that the statutory guidelines would not lend itself to a serious drug offense.

CONCLUSION

For the foregoing reasons, the defendant prays this Honorable Court will grant the motion.

                              Respectfully submitted,
                              Junior Melendez
                              By his Attorney

                              /s/ Joan M. Fund
                              Joan M. Fund, Esq.
                              245 First Street, Suite 1800
                              Cambridge, MA 02142
                              617 945 9693
                              508 878 6830
                              joanmfund@gmail.com
                              BBO 181430

CERTIFICATE OF SERVICE

I certify that I have served a copy of the above on AUSA Friedholm, and all others required to be noticed, by ECF.

                              /s/ Joan M. Fund
                              Joan M. Fund

Dated: November 8, 2021