UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 19-cr-40025-TSH |
| ) | |
| JUNIOR MELENDEZ, ) | |
| JUAN RODRIGUEZ, ) | |
| ANGEL CORDOVA, and ) | |
| KEVIN JEAN, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S OPPOSITION TO MOTIONS
TO EXCLUDE EVIDENCE OF DEFENDANTS' PRIOR CONVICTIONS**

The United States of America, by and through its attorneys, Acting United States Attorney Nathaniel R. Mendell and Assistant United States Attorneys Greg A. Friedholm and Michelle L. Dineen Jerrett, submits this opposition to Junior Melendez's ("Melendez") and Angel Cordova's ("Cordova") Motions in Limine to Exclude Evidence of Defendants' Prior Convictions [D. 338; D. 344] (together, the "Motions").

Defendants have requested that the Court preclude the government from impeaching Defendants with their prior convictions should they choose to testify in their upcoming trial. Cordova specifically discusses his two prior dispositions; Melendez offers no details as to the convictions he wishes to exclude.

It is well settled that a party may introduce evidence to impeach a witness, including a defendant. United States v. Tetioukhine, 725 F.3d 1, 8-9 (1st Cir. 2013). The government understands the parameters set forth in Federal Rule of Evidence 609, which provides, in pertinent part:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> . . .
>
> (B) *must be admitted* in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

(emphasis supplied).

Notwithstanding Rule 609, however, a defendant can also open the door to evidence of prior convictions that would otherwise be inadmissible, including evidence of prior convictions when offered not to impeach a witness's overall character for truthfulness but also when they are offered for another purpose such as contradicting specific testimony. Tetioukhine, 725 F.3d at 9.

The government respectfully suggests that it would be premature for the Court to deem Defendants' prior convictions inadmissible since it is unclear at this stage whether either Defendant intends to testify and, if so, the substance of that testimony. For example, as discussed in Tetioukhine, if Defendants portray themselves as law-abiding persons or otherwise seek to create an impression of an absence of criminal activity, the government should be free to impeach with evidence, including prior convictions. 725 F.3d at 10, citing United States v. Balthazard, 360 F.3d 309, 317 (1st Cir.2004) ("By seeking to create an impression in the minds of jurors that Balthazard had had only limited prior contacts with law enforcement, Balthazard's counsel opened the door to questioning about additional reports that linked Balthazard to other criminal activity."); United States v. LeAmous, 754 F.2d 795, 798 (8th Cir. 1985) ("By painting a picture of himself ... as a protector of young girls who encouraged alternatives to prostitution,

the defendant invited cross-examination concerning particular instances of his conduct to the contrary during the relevant time frame.").

The government does not intend to use Defendants' prior convictions contrary to the provision of Rule 609, but reserves the right, should either Defendant open the door, to use the prior convictions for another purpose. Should the government feel that either Defendant has opened the door for such impeachment, it would first raise the issue with the Court before inquiring of the prior convictions on cross-examination.

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By:    */s/ Michelle L. Dineen Jerrett*
        GREG A. FRIEDHOLM
        MICHELLE L. DINEEN JERRETT
        Assistant United States Attorneys
        United States Attorney's Office
        595 Main Street
        Worcester, Massachusetts 01608

Dated: November 16, 2021

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and in hard copy to the defendants proceeding pro se.

                                            */s/ Michelle L. Dineen Jerrett*
                                            MICHELLE L. DINEEN JERRETT
                                            Assistant U.S. Attorney

Dated:  November 16, 2021