UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUNIOR MELENDEZ,<br><br>Defendant. | CRIMINAL ACTION<br>NO.  4:19-40025-TSH |

**ORDER AND MEMORANDUM ON BENCH TRIAL ON 21 U.S.C. § 851 ENHANCEMENT**

**1/12/2023**

**HILLMAN, D.J.**

The defendant, Junior Melendez, was charged and convicted of violating 21 U.S.C. § 846. The government filed an information pursuant to 21 U.S.C. § 851, seeking to enhance the sentence of the defendant based on prior serious drug felony convictions and the defendant filed a response. For the reasons below, the enhanced recidivism penalty applies.

**Findings**

Melendez knowingly, voluntarily, and intelligently waived his right to a jury trial and this Court conducted a bench trial, resulting in the findings below.

The government must prove, by a preponderance of the evidence, that the defendant had "a prior conviction for a serious drug felony." 21 U.S.C. § 841(b)(1)(B)(ii). A serious drug felony is an offense (1) "described in [18 U.S.C. § 924(e)(2)]," (2) for which the "offender served a term of imprisonment of more than 12 months" and (3) for which "the offender's

release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57).

Defendant was convicted in December, 2000 of two counts of violating 21 U.S.C. § 841(a)(1) (as well as a firearm charge that is not relevant here). § 841(a)(1) meets the statutory definition in 18 U.S.C. § 924(e)(2). This Court finds that the defendant served a term of imprisonment for those counts for greater than 12 months. This Court finds that the defendant was released, initially, in March of 2007, and for the final time, in December of 2010. Regardless of the date, his release was within 15 years of the commencement of the *final* act in the instant offense, for which the defendant was arrested on May 25, 2019. Therefore, it is unnecessary for this Court to decide the exact definition of "commencement" in the statute. This Court finds that defendant had a "prior conviction for a serious drug felony" under 21 U.S.C. § 841(b)(1)(B)(ii) and is subject to the enhanced recidivism penalty.

The Court may not inquire into the validity of the prior conviction. 21 U.S.C. § 851(e). That section also forecloses defendant's argument that the burden is on the government to prove the prior conviction was validly obtained—if that were the case, § 851(e) would be superfluous.

Defendant largely repeats arguments he made before a different judge in this district as well as the First Circuit. *See generally United States v. Melendez*, 16 F.4th 315 (1st Cir. 2021); *United States v. Melendez*, 534 F. Supp. 3d 172 (D. Mass. 2021); *United States v. Melendez*, 462 F. Supp. 3d 6 (D. Mass. 2020). The First Circuit binds this Court and the term "release" under 21 U.S.C. § 802(57) refers to the historical fact of release, regardless of any reduction due to changes in the sentencing guidelines. *Melendez*, 16 F.4th at 318-20. The government has proven his release—at the earliest—was in March of 2007. Whatever the merits of defendant's claims regarding his juvenile offenses, the December, 2000 conviction also contained a serious drug

offense that was committed when defendant was an adult. Finally, the phrase "serious drug offense" is statutorily defined and this Court has no authority to redefine it in response to arguments the offenses were not "serious" in the ordinary sense of that word.

The defendant's double jeopardy arguments are unavailing. None of the issues in this bench trial were litigated by a prior factfinder. Furthermore, they are sentencing factors, not elements of an offense. *United States v. Rabb*, 5 F.4th 95, 103-04 (1st Cir. 2021). And it was defendant who requested a bifurcated trial; "the Double Jeopardy Clause . . . does not relieved a defendant from the consequences of a voluntary choice." *Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018) (citation omitted). Finally, defendant invoked his Fifth Amendment and therefore cannot claim that right was infringed upon.

## Conclusion

For the reasons above, the enhanced recidivism penalty applies.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
